UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:10-cr-0320 MCE KJN P |
|---|---|
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ADAN LOPEZ CRESPO, | |
| Movant. | |

I. Introduction

    Movant is a federal prisoner proceeding without counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] In 2011, movant pled guilty to conspiracy to manufacture more than 1,000 marijuana plants. Movant was sentenced to 102 months in the custody of the U.S. Bureau of Prisons.

    As part of his plea agreement, movant also agreed to waive his right to appeal or to collaterally attack his conviction and sentence. (ECF No. 50 at 12.) Importantly, for purposes of the § 2255 motion, in his plea agreement, movant expressly waived his right to file a motion for federal habeas relief under 28 U.S.C. § 2255. (ECF No. 50 at 12.) For the reasons set forth below, the undersigned finds that movant's waiver of his right to appeal or collaterally attack his

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:13-cv-2553 MCE KJN P.

1

1   conviction and sentence was voluntary and intelligent.  Accordingly, the undersigned

2   recommends that respondent's motion to dismiss the § 2255 motion without a hearing be granted.

3   II.  Factual and Procedural History

4         On August 5, 2010, movant was charged with manufacturing over 1,000 marijuana plants,

5   in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 7.)

6         On May 19, 2011, pursuant to a written plea agreement (ECF No. 50), movant waived his

7   right to be charged by indictment, and movant was charged by superseding information with

8   conspiracy to manufacture more than 1,000 marijuana plants.  (ECF No. 48.)

9         During the May 19, 2011 change of plea hearing, through the assistance of a certified

10  Spanish interpreter, movant pled guilty.  (ECF Nos. 45, 69.)  In exchange for pleading guilty to

11  one count of conspiracy to manufacture more than 1,000 marijuana plants, movant agreed to give

12  up certain Constitutional rights as set forth in the plea agreement.  (ECF No. 69 at 23.)  The

13  district court found that movant knowingly and voluntarily pled guilty to the offense and that his

14  waiver of rights, including the right to appeal or collaterally attack his conviction and sentence,

15  was also knowingly and voluntarily made.  (ECF No. 69 at 19, 22, 26 (appeal and collateral attack

16  waiver), 30.)

17        At the October 27, 2011 judgment and sentencing, the district court noted that movant's

18  offense carried a mandatory minimum sentence of 120 months of imprisonment.  (ECF No. 70 at

19  4.)  The district court sentenced movant to a 102 month term.  (ECF No. 70 at 8.)  Judgment of

20  conviction was entered on November 7, 2011.  (ECF No. 62.)

21        On November 21, 2011, movant filed an appeal.  (ECF No. 64.)  On May 17, 2013, the

22  Court of Appeals for the Ninth Circuit granted defense counsel's motion to withdraw, and

23  dismissed movant's appeal, finding that movant "waived his right to appeal his conviction and

24  sentence," and that the court's "independent review of the record . . . disclose[d] no arguable

25  issue as to the validity of the waiver."  (ECF No. 75 at 3.)

26        On December 9, 2013, movant filed a motion to vacate, set aside, or correct his sentence

27  pursuant to 28 U.S.C. § 2255.  (ECF No. 76.)  After being ordered to file an answer to the § 2255

28  motion, respondent filed a motion to dismiss asserting that movant waived his right to file the

pending motion based on the terms of his plea agreement.  (ECF No. 89.)  On June 17, 2014, movant was granted an additional thirty days to oppose the motion.  Thirty days have now passed, and movant has not filed an opposition.

V. Legal Standards

Title 28 U.S.C. § 2255 provides that:

> [a] prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.  A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.  When this standard is satisfied, neither a hearing nor a response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).

VI. Discussion

Respondent moves to enforce the plain terms of the plea agreement, and dismiss the § 2255 motion based on movant's express waiver of his right to file a § 2255 motion.  Movant did not address his waiver in the § 2255 motion, and failed to file an opposition to respondent's motion to dismiss.

A plea agreement is a contract and subject to contract law standards.  United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001).  In a plea agreement, a defendant may waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly.  United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).  The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable.  United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc); United States v. Abarca, 985 F.2d

3

1012, 1014 (9th Cir. 1993) ), cert. denied, 508 U.S. 979 (1993) (allowing defendant to waive the statutory right to file a § 2255 petition challenging the length of his sentence).  However, a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself.  See Jeronimo, 398 F.3d at 1156 n.4; Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver).

      Here, movant voluntarily and expressly waived his right to file a § 2255 motion in his written plea agreement.  (ECF No. 50 at 12.)  "Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence."  Id.  Moreover, movant does not challenge the voluntariness of his plea or the waiver of his right to seek relief under § 2255 motion contained in his written plea agreement, and does not allege ineffective assistance of counsel.  Rather, movant's claims pertain to alleged errors in sentencing.  (ECF No. 76.)

      Generally, courts will enforce a § 2255 waiver if (1) the language of the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion, and (2) the waiver is knowingly and voluntarily made.  Nunez, 223 F.3d 956, 958 (9th Cir. 2000).  Here, the language of the waiver encompasses movant's right to file a § 2255 motion challenging his sentence.  In his plea agreement, movant agreed not to contest his sentence in any post-conviction proceeding including a § 2255 motion or a § 2241 petition.  Therefore, the undersigned finds that the claims raised in the § 2255 motion fall within the scope of the waiver.

      In addition, movant's statements made under oath during the plea colloquy are entitled to a presumption of truthfulness.  See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity."); United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a

defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). Here, movant provides no reason for this court to doubt the truthfulness of his sworn statements that he understood the rights he was giving up and that he was doing so freely and voluntarily. (ECF No. 69 at 19-30.) Movant presents no new facts that would cast doubt on the voluntariness of his waiver. Moreover, the Ninth Circuit also found that there was no issue as to the validity of the waiver of movant's right to appeal. (ECF No. 75 at 3.) Therefore, the undersigned finds that the waiver was knowingly and voluntarily made based on movant's statements made under oath during the plea colloquy.

E. Conclusion

The record reflects that movant expressly waived his right to file a § 2255 motion, and such waiver was knowingly and voluntarily made based on movant's statements made under oath during the plea colloquy. Movant's waiver should be enforced, and the § 2255 motion should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 89) be granted;

2. Movant's § 2255 motion (ECF No. 76) be denied; and

3. The Clerk of the Court be directed to close companion civil case No. 2:13-cv-2553 MCE KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be filed and served within fourteen days after service of the

////

5

objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2014

/cres0320.mtd.2255

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE